HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMALH WILSON,

    Plaintiff,

    v.

PONCE GOUND SERVICE, LLC

    Defendant.

Case No. 2:22-cv-00521-RAJ

**OMNIBUS ORDER**

## I.   INTRODUCTION

Before the Court are several motions from the parties: Plaintiff's Motion for Default Judgment, Dkt. # 14; Plaintiff's Motion for Summary Judgment, Dkt. # 11; Defendant's Motion to Continue Plaintiff's Summary Judgment Motion, Dkt. # 17; Plaintiff's Motion to Seal the Entire Record, Dkt. # 28; and Defendant's Motion for Protective Order, Dkt. # 29.

For the reasons below, the Court **DENIES** Plaintiff's motions and **GRANTS** Defendant's motions.

## II.   BACKGROUND

Plaintiff, proceeding *pro se*, brings claims against Defendant Ponce Ground Service, LLC for hostile work environment, constructive discharge, violation of the Americans with Disabilities Act (ADA), sexual harassment, negligent supervision and other violations of

ORDER – 1

Washington law. Dkt. # 8. On May 6, 2022, Plaintiff filed an affidavit of service of summons and an amended complaint on Defendant Ponce Ground Service, LLC. Dkt. # 10. On May 27, 2022, Plaintiff then filed a motion for summary judgment. Dkt. # 14. On June 14, 2022, Defendant appeared and answered the amended complaint. Dkt. # 12. Soon thereafter, Plaintiff then moved for default judgment, and Defendant moved to continue Plaintiff's motion for summary judgment. Dkt. ## 14, 17. Plaintiff then moved to seal the entire record, and Defendant moved for entry of a protective order. Dkt. ## 28, 29.

### III.  DISCUSSION

#### A.  Motion for Default Judgment

Entry of default and default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. The process for obtaining entry of default and default judgment under Rule 55 is a two-step process: (1) seeking entry of default from the clerk of the court and (2) filing a motion for default judgment before the district court. Fed. R. Civ. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (recognizing "two-step process" required by Rule 55); see also *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (discussing difference between entry of default and default judgment). When the clerk of court has not entered default against a defendant, a motion for default judgment against that defendant is improper.

Plaintiff's Motion for Default Judgment is procedurally improper. Pursuant to Rule 55(b)(2), a court may enter a default judgment when the clerk, under Rule 55(a), has previously entered the party's default. Fed. R. Civ. P. 55(b). Here, the Clerk of the Court has not entered default against Defendant Ponce Ground Service, LLC. Accordingly, the Court **DENIES** Plaintiff's Motion for Default Judgment. Dkt. # 14.

#### B.  Motion for Summary Judgment

In the instant motion, Plaintiff seeks summary judgment on the merits of his claims. Dkt. # 11. Defendant moves to continue Plaintiff's motion. Dkt. # 17.

ORDER – 2

1  Plaintiff's motion for summary judgment is premature pursuant to Rule 56(d) of the
2  Federal Rules of Civil Procedure. Although Rule 56 allows a party to file a motion for
3  summary judgment "at any time," the rule also allows the court, as is just, to deny the
4  motion or order a continuance for the opposing party to pursue discovery. Fed. R. Civ. P.
5  56.

6  Here, Defendant is entitled to an opportunity to pursue discovery before responding
7  to a summary judgment motion. In this instance, Defendant has been denied the opportunity
8  to complete the basic discovery and investigation necessary to its defense given the current
9  stage of the litigation. Accordingly, Plaintiff's motion for summary judgment is **DENIED**
10 as premature. However, nothing prevents Plaintiff from filing a future motion for summary
11 judgment that incorporates all relevant materials obtained after the period set for the
12 completion of all discovery as contemplated by Rule 56.

13  **C.  Motions for Sealing and Protective Order**

14  Plaintiff moves to seal the entire court record due to privacy issues. Dkt. # 28. He
15 asserts that he is a victim of sexual assault and fears for his safety because the alleged
16 assailants have not yet been apprehended. *Id.* He also suffers from post-traumatic stress
17 disorder ("PTSD"). Relatedly, Plaintiff argues that records of the assault and treatment
18 are restricted and confidential under state and federal law. *Id.* Defendant opposes the
19 motion, stating that Plaintiff did not explore all alternatives; did not identify any specific
20 document to be filed under seal; did not meet and confer with counsel for Defendant
21 regarding whether any document is properly marked confidential, or whether the parties
22 might agree to redaction as an alternative to sealing. Dkt. # 31. Defendant argues that the
23 proper remedy under the circumstances is entry of a protective order and have moved for
24 entry of a protective order adhering to the model stipulated protective order form of this
25 Court. Dkt. ## 28, 31. The Court agrees.

26  There is a strong presumption in favor of public access to court records.
27 *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); Local

28  ORDER – 3

1  Civil Rule (LCR) 5(g). A party seeking to overcome that presumption in this Court by
2  filing a document under seal must comply with the provisions of LCR 5(g). LCR
3  5(g)(3)(A) provides that a party who files a motion to seal must include in the motion a
4  certification that he has met and conferred with all other parties in an attempt to reach
5  agreement regarding the need to file a document under seal and to explore other
6  alternatives. LCR 5(g)(3)(B) provides that the party moving to seal a document must also
7  specifically explain in his motion the legitimate private or public interests warranting the
8  relief sought, the injury that will result if that relief is not granted, and the reason why a
9  less restrictive alternative to the requested relief is not sufficient.

10  LCR 5(g)(3)(A) clearly contemplates a discussion between the parties aimed at
11  reaching some agreement regarding the need to seal. It does not appear that Plaintiff
12  notified Defendant prior to requesting that the Court seal the entire record. This does not
13  constitute compliance with LCR 5(g)(3)(A). Likewise, Plaintiff's mere reference to
14  HIPAA and other statutes applying to medical records is insufficient to justify sealing the
15  entire record. And while the Court acknowledges that Plaintiff is an alleged victim of
16  sexual assault, this too requires a "particularized showing" of "specific harm" to justify
17  sealing. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11
18  (9th Cir. 2002) (requiring a "particularized showing" that "specific prejudice or harm will
19  result" if the information is disclosed); Because of the "strong presumption in favor of
20  access to court records," *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092,
21  1096 (9th Cir. 2016), and because plaintiff has not articulated any specific reasons why
22  the *entire* court record should be sealed, *Kemakana*, 447 F.3d at 1178, Plaintiff's motion
23  to seal the entire record will be denied.

24  The Court does recognize, however, that the need to protect medical privacy
25  qualifies in general as a "compelling reason" to prevent public disclosure of certain
26  records. *Karpenski v. Am. Gen. Life Companies, LLC*, 2013 WL 5588312, at *1 (W.D.
27  Wash. Oct. 9, 2013). Although the Plaintiff has put his health at issue in this lawsuit, he is

28  ORDER – 4

nonetheless entitled to the Court's protection of sensitive medical information whose privacy is ensured by Federal law. *See Health Insurance Portability and Accountability Act (HIPAA)*, Pub. L. 104–191 (1996) (regulating use and disclosure of "Protected Health Information."). Accordingly, the Court **GRANTS** Defendant's motion for a protective order covering Plaintiff's medical records.

## IV.  CONCLUSION

For the reasons above, Plaintiff's motions for default judgment and summary judgment are **DENIED**. Dkt. ## 11, 14. Defendant's motions to continue Plaintiff's Summary Judgment Motion is **GRANTED**. Dkt. # 17. Plaintiff's motion to seal the entire record is **DENIED**. Dkt. # 28. Defendant's Motion for a Protective Order is **GRANTED**. Dkt. # 29.

DATED this 8th day of November, 2022.

The Honorable Richard A. Jones
United States District Judge

ORDER – 5